## Lessee of FERGUSON v. SMALLMAN.

MAJOR *Ferguson*, purchased at Sheriff's sale a tract of land, which was the property of Major *Smallman*, and sold on judgments against him. *Smallman* would not give up possession, and an ejectment was brought to this term.

A copy of a declaration with a demise, dated after the 4th of *November* last, was given to the Sheriff, with a notice, to be served on *Smallman*. Another copy was also delivered with a demise dated before that day.

Major *Ferguson* was killed on that day, in General *St. Clair's* engagement with the *Indians.* Only one cause appeared on the docquet.

*Carson,* for the defendant, producing the copy which stated the demise as dated after the death of *Ferguson,* moved to quash the proceedings, on that ground.

*Brackenridge,* for the plaintiff, produced a declaration filed in the office, a copy of which had been served by the sheriff, stating the demise before the death of Major *Ferguson;* and urged—1. Here is a record, with a demise in the life time of the lessor, of which a copy has been served on the defendant. The court will not look farther in favour of an objection obstructive of justice. —2. *Smallman* is estopped by his confession of lease, entry, &c. from saying any thing against the demise; this confession is a condition of his being admitted defendant.—3. The death of the lessor does not abate an ejectment, which is the lessee's action, to recover his term.—4. An ejectment may be brought on the demise of a person dead, on a lease made in his life time, and not expired; this being only descriptive of the title questioned.

PRESIDENT. Let defendant take nothing by his motion.